IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Richard E. Stewart II,

    Plaintiff,

  v.                               Case No. 2:17-cv-706

Commissioner of
Social Security,

    Defendant.

OPINION AND ORDER

Plaintiff Richard E. Stewart II brings this action under 42 U.S.C. §§405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits and supplemental security income. In a decision dated May 19, 2016, the administrative law judge ("ALJ") found that plaintiff had severe impairments consisting of osteoarthritis and allied disorders, degenerative disc disease of the cervical spine, status post right rotator cuff repair, right-sided carpal tunnel syndrome and other arthraligias. PAGEID 86. After considering the entire record, the ALJ found that plaintiff's residual functional capacity ("RFC") would permit him to perform work with specified physical restrictions. After considering the testimony of a vocational expert, the ALJ decided that there were sedentary jobs which plaintiff could perform, taking plaintiff's additional physical restrictions into account, and that plaintiff was not disabled. PAGEID 96-97. This matter is before the court for consideration of plaintiff's April 6, 2018, objections to the March 23, 2018, report and recommendation of the magistrate judge recommending that the decision of the Commissioner be affirmed.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Objections

A. Nonsevere Mental Impairments

Plaintiff argues that the ALJ and the magistrate judge erred

in finding during the step two analysis that his mental impairments of depression, anxiety and substance addition disorder were nonsevere. At step two of the five-step analysis set forth in 20 C.F.R. §404.1520(a)(4), the ALJ must determine whether the claimant has a severe impairment. 20 C.F.R. §404.1520(a)(4)(ii). A severe impairment is "any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities," 20 C.F.R. §§404.1520(c), 416.920(c), and which lasts or can be expected to last "for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A). If the degree of limitation due to a mental impairment is rated as "mild," the impairment is generally deemed to be not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in the claimant's ability to do basic work activities. 20 C.F.R. §404.1520a(d)(1).

A severe impairment is established by medical evidence consisting of signs, symptoms, and laboratory findings, not just by a claimant's statement of symptoms. *Griffith v. Comm'r*, 582 F. App'x 555, 559 (6th Cir. 2014)(citing 20 C.F.R. §416.908). Plaintiff bears the burden of proving the existence of a severe, medically determinable impairment that meets the twelve-month durational requirement. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). The failure to categorize an impairment as severe at step two is not prejudicial error if the ALJ found other severe impairments at step two and considered all of the claimant's impairments, including the nonsevere impairments, in the remaining steps of the disability determination. *See Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009).

The magistrate judge concluded that the ALJ reasonably relied on record evidence in finding that plaintiff's mental impairments did not result in significant limitations. The magistrate judge further noted that even assuming the ALJ erred at step two in not classifying plaintiff's mental impairments as severe, no reversible error occurred because the ALJ also considered all of plaintiff's impairments, including his mental impairments, in the remaining steps of the disability analysis. Doc. 14, p. 13. The court agrees with the conclusions of the magistrate judge.

At step two, the ALJ found that plaintiff has mild limitations in the activities of daily living, noting that the February 4, 2014, report of plaintiff's consultative psychological examination by James N. Spindler, M.S., and treatment notes from the Guernsey Counseling Center revealed no signs that plaintiff is unable to care for his personal needs. PAGEID 87.

As to the area of social functioning, the ALJ concluded that plaintiff had mild limitations. The ALJ noted that although plaintiff testified that he did not engage in social activities due to his physical limitations, he lived with his fiancee and regularly attended church services. Plaintiff told the consultative psychological examiner, James Spindler, M.S., that although he did not get along with his siblings, he did get along with his mother and his children. PAGEID 87.

In regard to concentration, persistence or pace, the ALJ found mild limitations. Although plaintiff reported during an intake interview that his attention span, ability to concentrate, and memory were impaired, the ALJ noted that there was no evidence that the social workers who completed the intake interview did a mental

4

status examination.  PAGEID 87-88.  The ALJ pointed to a psychiatric examination in September, 2014, which showed that: plaintiff's thought process was clear and linear; his judgment and insight were intact; he was well oriented to person, time and place; and no memory problems or problems with his attention level or concentration were noted.  The ALJ observed that plaintiff exhibited no difficulty completing basic calculations during his psychological consultative exam.  PAGEID 88.  The ALJ also noted the opinions of the state agency psychological consultants, Paul Tangeman, Ph.D. and Janet Souder, Psy.D., who reviewed plaintiff's records and came to the conclusion that plaintiff's mental limitations were mild.  PAGEID 88.

In her step five discussion of the plaintiff's residual functional capacity, the ALJ continued to reference records relating to plaintiff's mental impairments, including: plaintiff's counseling for anxiety and depression in 2014 and 2015; plaintiff's treatment for depression by Dr. Aline Daou, who prescribed antidepressant medication but noted that plaintiff's mental status exams showed normal thought content, insight and judgment through January, 2014; the March 10, 2014, physical consultative examination by Dr. Mark Weaver, who noted that plaintiff was alert and well oriented with a pleasant affect and appropriate mood; a November, 2014, neurological exam report which noted that plaintiff's mood and affect were normal; the March 26, 2015, exam notes of Dr. Philip Kennedy which stated that plaintiff's psychiatric exam was normal; and the December 10, 2015, exam notes of Dr. Anthony Reichley stating that plaintiff's psychiatric exam showed a normal mood and affect.    PAGEID 90-93.

5

The ALJ gave "significant weight" to the opinions of the state agency psychological consultants, Dr. Tangeman and Dr. Souder, that plaintiff's mental impairments resulted in mild restrictions in activities of daily living, social functioning, and concentration, persistence or pace. The ALJ also stated that these agency opinions were consistent with the mental status consultative exam completed by James Spindler in February of 2014. Mr. Spindler reported that plaintiff knew the date, could complete basic calculations, had a girlfriend and a good relationship with his children, had no major difficulty maintaining his focus during the exam, and appeared capable of understanding, remembering and carrying out instructions in most job settings. PAGEID 94.

Plaintiff argues that Mr. Spindler's statement that plaintiff was capable of understanding, remembering and carrying out instructions only in "most job settings" must mean that plaintiff's mental impairments more than minimally affected plaintiff's ability to perform basic work functions. Plaintiff argues that the ALJ's reliance on Mr. Spindler's opinion therefore rendered the ALj's findings of mild impairments inconsistent. Plaintiff's argument is not well taken in light of the applicable regulations, which define a severe impairment is "any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities[.]" 20 C.F.R. §§404.1520(c), 416.920(c). "Basic work activities" are defined as "the abilities and aptitudes necessary to do most jobs[,]" including "[u]nderstanding, carrying out, and remembering simple instructions[.]" 20 C.F.R. §404.1522(b)(3). Mr. Spindler's finding that plaintiff was capable of understanding, remembering

6

and carrying out instructions "in most job settings," see PAGEID 670, amounts to a finding that plaintiff is capable of engaging in basic work activities, which only requires that plaintiff have the abilities necessary "to do most jobs." Mr. Spindler's findings are consistent with the opinions of the state agency consultants and with the ALJ's conclusion that plaintiff's mental impairments were mild and nonsevere.

The ALJ's finding that plaintiff's mental impairments are nonsevere is supported by sufficient evidence, and the ALJ did not err in failing to include restrictions in plaintiff's RFC specifically addressing his mild mental impairments.

B. Consideration of Plaintiff's Headaches

Plaintiff argues that the ALJ erred by failing to classify his headaches as a medically determinable impairment and by not considering the impact of his headaches on his RFC. The ALJ did not specifically discuss plaintiff's complaints of headaches at step two of the analysis. Plaintiff contends that the ALJ must therefore have concluded that his headaches did not constitute a medically determinable impairment. The magistrate judge concluded that the ALJ's failure to specifically designate plaintiff's headaches as a medically determinable impairment was not error because there was no objective medical evidence to support such a finding, and because plaintiff made no mention of his headaches in his allegations of impairment when applying for disability benefits, citing *Griffith v. Colvin*, No. 6:13-23, 2013 WL 5536476, *3 (E.D. Ky. Oct. 7, 2013). The magistrate judge was correct.

At step two of the evaluation process, no symptom or combination of symptoms by itself can constitute a medically

determinable impairment. SSR 96-4p. 1996 WL 374187 at *2 (July 2, 1996)("Symptoms, such as pain, ... will not be found to affect an individual's ability to do basic work activities unless the individual first establishes by objective medical evidence (i.e., signs and laboratory findings) that he or she has a medically determinable physical ... impairment(s) and that the impairment(s) could reasonably be expected to produce the alleged symptom(s)."). The Sixth Circuit has affirmed the denial of benefits in cases involving complaints of migraine headache pain which were unsupported by objective medical evidence. *See Long v. Comm'r of Soc. Sec.*, 56 F. App'x 213, 214 (6th Cir. 2003); *McCormick v. Sec'y of Health & Human Servs.*, 861 F.2d 998, 1002 (6th Cir. 1988). Further, the ALJ need not find credible a claimant's subjective complaints or medical assessments which are not supported by the medical evidence or the record as a whole. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).

The magistrate judge correctly noted that the medical records documented plaintiff's reports or complaints of headaches, which were noted in most cases in the medical history section of the records. However, there is no objective medical evidence or medical opinion diagnosing the cause of these headaches or opining that plaintiff's ability to work would be impaired by his headaches. Plaintiff never sought treatment for headaches alone; his reports concerning headaches occur in the context of receiving treatment for some other medical problem. As the magistrate judge noted, plaintiff did not allege in his application for disability benefits that he was disabled because of his headaches. Plaintiff reported during an emergency room visit in 2011, PAGEID 742, that

he has had daily headaches for twenty years, during a period of time when he was working.

In addition, no reversible error has been shown because the ALJ did address and consider plaintiff's headaches at step five of the analysis. The ALJ noted that plaintiff "indicated that he experienced pain in his neck that caused headaches on a daily basis and muscle spasms." PAGEID 89. The ALJ thoroughly discussed plaintiff's medical records concerning his treatment for neck pain, including: a 2013 MRI and CT scan of the cervical spine which showed residual spurring but no impingement on the spinal cord; a 2013 exam by Dr. Jeffrey Lobel which revealed a normal range of neck motion; the 2014 consultative examination by Dr. Mark Weaver, who diagnosed chronic neck pain; plaintiff's 2014 treatment at Genesis Pain Management Center for neck pain; a March, 2015, examination by Dr. Philip Kennedy which showed a normal range of motion in plaintiff's neck; plaintiff's treatment in the fall of 2015 by Dr. Abhay Anand for neck pain; and a December 10, 2015, exam by Dr. Anthony Reichley, who reported that plaintiff's neck was supple, with a normal range of motion. PAGEID 90-93. The ALJ took plaintiff's neck pain into account by limiting plaintiff to work which only requires him to lift up to ten pounds and requires overhead lifting only occasionally. PAGEID 95. By accommodating plaintiff's neck pain, the ALJ also accommodated the alleged cause of plaintiff's headaches.

This objection is denied.

III. Conclusion

In accordance with the foregoing, the court concludes that the ALJ's finding of nondisability is supported by substantial

9

evidence.  The plaintiff's objections (Doc. 15) are denied.  The court adopts and affirms the magistrate judge's report and recommendation (Doc. 14).  The Commissioner's decision is affirmed, and this action is dismissed.  The clerk shall enter final judgment affirming the decision of the Commissioner.

Date: April 27, 2018                    s/James L. Graham
                                        James L. Graham
                                        United States District Judge